UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ANGEL BONILLA,

                                   Plaintiff,

              -against-

THE CITY OF NEW YORK, DONNA BUSACCO
Individually and in Her Official Capacity; SABRINA
FULFORD, Individually and in Her Official
Capacity; PETER RUBIN, Individually and in His
Official Capacity; DAVID SIEV, Individually and in
His Official Capacity and JOHN/JANE DOES, Nos.
1-10, Individually and in Their Official Capacities
(members of the New York City Police Department
whose names are presently unknown to plaintiff),

                                  Defendants.

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

12-cv-3368 (JBW)(VMS)

------------------------------------------------------------------x

      **WHEREAS,** Plaintiff commenced this action by filing a complaint on or about July 9, 2012, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

      **WHEREAS,** Defendants have denied any and all liability arising out of Plaintiff's allegations; and

      **WHEREAS,** defendant City of New York served plaintiff with an Offer of Judgment pursuant to Fed. R. Civ. P. 68 on November 15, 2012; and

      **WHEREAS,** Plaintiff accepted defendant City of New York's Rule 68 Offer of Judgment on November 25, 2012; and

      **WHEREAS,** Plaintiff has authorized his counsel to settle this matter on the terms set forth below;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraphs "2", "3" and "5" below.

2. Defendant City of New York hereby agrees to pay Plaintiff Angel Bonilla the sum of Twenty Four Thousand and One Dollars ($24,001.00), plus reasonable attorneys' fees, expenses, and costs up to November 15, 2012, the date of the Offer of Judgment, for Plaintiff's federal claims in this action, in full satisfaction of all claims by Plaintiff against defendants. In consideration for the payment of this sum, Plaintiff agrees to dismissal of all the claims against the defendants, City of New York, Donna Busacco, Sabrina Fulford, Peter Rubin, David Siev, the individuals identified in the complaint as "JOHN/JANE DOES 1 through 10," and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff has assigned his rights to attorneys' fees, expenses, and costs to his attorney, Robert Perry, Esq.

4. Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraphs "2" and "3" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required

if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

        5.     Counsel for Plaintiff and Defendants will attempt to resolve Plaintiff's claim for reasonable attorneys' fees, expenses and costs by stipulation under separate cover, and if such an agreement is reached, payment for that sum will be made directly to Plaintiff's counsel, in accordance with plaintiff's assignment of his rights to attorneys' fees, costs and expenses to his counsel set forth in paragraph "3" *supra*. Should the parties be unable to reach such an agreement, Plaintiff reserves the right to make an application to the Court for reasonable attorneys' fees, expenses and costs for Plaintiff's federal claims up to the date of the offer of judgment, in accordance with the terms of paragraph "2" *supra*, and the terms of Defendants' offer of judgment.

        6.     Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation, Rule 68 Offer, Acceptance thereof shall not be admissible in, nor are they related to, any other litigation or settlement negotiations.

        7.     Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

        8.     Plaintiff agrees to hold harmless defendants Donna Busacco, Sabrina Fulford, Peter Rubin, David Siev, the individuals identified in the complaint as "JOHN/JANE DOES 1 through 10," regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty

settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

9. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

| | |
|---|---|
| Robert T. Perry, Esq.<br>*Attorney for Plaintiff*<br>45 Main Street<br>Suite 230<br>Brooklyn, New York 11201<br>212-219-9410<br>Fax: 718-522-3225<br>Email: roberttperrylaw@hotmail.com | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants*<br>City of New York, Busacco, Fulford, Rubin<br>and Siev 100 Church Street, Room 3-217<br>New York, NY 10007<br>212-788-0437<br>Email: awenzel@law.nyc.gov |
| By: *Robert T. Perry*<br>Robert Perry Esq.<br>*Attorney for Plaintiff* | By: *Andrew P. Wenzel*<br>Andrew Wenzel<br>*Assistant Corporation Counsel* |
| Dated: New York, New York<br>         12/24       , 2012 | Dated: New York, New York<br>         1/1       , 2013 |

SO ORDERED:

_____
HONORABLE JACK B. WEINSTEIN
UNITED STATES DISTRICT JUDGE

Dated: Brooklyn, New York
         _____, 2012